John A. Treptow, ABA #7605059
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
Telephone:     (907) 276-4557
Facsimile:      (907) 276-4152
Email: jtreptow@dorsey.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALTERNATIVES COMMUNITY MENTAL HEALTH CENTER, INC., <br><br>                     Plaintiff, <br><br> vs. <br><br> FRONTIER INSURANCE COMPANY, <br><br>                   Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY** <br><br> Case No. 3:01-cv-294-JKS |

Plaintiff, Alternatives Community Mental Health Center, Inc. ("Alternatives"), hereby moves this Court for an Order lifting the stay imposed by this Court on January 8, 2002.

### ISSUE PRESENTED

Should the Court lift the stay it imposed in this case on January 8, 2002 and permit Alternatives to prosecute its claims or should the adjudicatory process continue to be stayed indefinitely?

Alaska requires that a stay in rehabilitation "shall be impaired for that period of time necessary for the receiver to obtain proper representation and prepare for future proceeding." AS 21.78.090 (f). New York has no such restriction and rehabilitation can seemingly continue indefinitely. The law of the forum should apply. Six years and seven months is certainly more

than enough time "to obtain proper representation and prepare for future proceedings." This delay has unfairly prejudiced Alternatives. Frontier's assets are being dissipated while Alternatives remains in limbo. There is no legal justification to support the stay. Alaska and New York are not "reciprocal states" under the Uniform Insurance Liquidation Act ("UILA") and the Court need not follow New York law. The New York Supreme Court's October 15, 2001 Order of Rehabilitation is not entitled to Full Faith and Credit and abstention principles and comity do not apply. The stay should be lifted.

## I.    BACKGROUND

On August 17, 2001 Alternatives filed suit in Superior Court for the State of Alaska, Third Judicial District at Anchorage against Frontier Insurance Company ("Frontier"). The complaint alleged two claims for relief: First, that Frontier had breached a contract of insurance that it had with Alternatives by failing to defend Alternatives in a lawsuit filed by a former employee, Estra Bensussen, against Frontier in December of 1999; second, Frontier breached the implied covenant of good faith and fair dealing by failing to investigate a) Ms. Bensussen's claim; b) the applicable state and federal laws; c) unreasonably interpreting the provisions of the subject insurance policy so as to exclude coverage for Bensussen's claims; and d) failing to provide counsel to Alternatives to defend the Bensussen claim.

On October 11, 2001 Frontier removed the case to the United States District Court for the District of Alaska pursuant to 28 U.S.C. §§ 1441 and 1446. Subsequently, on December 13, 2001 Frontier filed a "Notice of Filing Order of Rehabilitation." (*See* Exhibit A.) In that notice, Frontier indicated that an Order of Rehabilitation had been filed in the New York County's Clerk's Office on October 15, 2001 which "enjoined and restrained all persons from

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 2 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

commencing or prosecuting any actions, lawsuits or proceedings against Frontier." (Exhibit A, p. 5.)

On January 8, 2002 this Court ordered that the proceedings in this matter "are hereby stayed until further notice from this Court." (Docket No. 9.) Since January 2002, the parties have submitted a status report to the Court every six months. The essence of those status reports has been that Frontier is still involved in the rehabilitation process and that the Order of the New York State Supreme Court, dated October 15, 2001 staying all pending litigation in Frontier is still in effect."

By Minute Order dated November 28, 2007, the court directed the parties to file another status report on or before May 30, 2008. On May 30, 2008 Frontier's counsel came into possession of information that caused counsel to reevaluate the appropriateness of the stay in this action. First, counsel learned that in 2000, prior to entering into rehabilitation, Frontier had entered into two reinsurance agreements with National Indemnity Reinsurance Company that provided Frontier with over $800 million in reinsurance. (*See* Affidavit of John A. Treptow filed herewith at ¶ 2.) A review of the agreement lead Alternatives' counsel to conclude that, at the very least, Frontier's claim for breach of contract was covered under the terms of the reinsurance agreement. Second, counsel learned of two recent United States District Court decisions from the District of Illinois, Eastern District and South Carolina District wherein the Courts had lifted the stays imposed by the New York Supreme Court on October 2001 on actions filed by Frontier. (Treptow Affidavit at ¶ 3.) In counsel's opinion, the Court's reasoning in those decisions supported the lifting the stay in this case. *Id.*

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 3 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

Accordingly, Alternatives is now moving the Court to lift the stay imposed by the New York Supreme Court in October of 2001 and permit Alternatives to proceed with its claims against Frontier.

## II. LEGAL ARGUMENT

### A. Alaska Law Permits the Court to Resolve the Case on the Merits

#### 1. The difference between liquidation and rehabilitation.

At the outset, it is crucial to understand the difference between liquidation and rehabilitation. Liquidation is the financial end of an insurer. Rehabilitation involves the continuance of the corporate life during a period of recovery and financial respite. *See New York Title & Mortgage Co. v. Friedman*, 276 N.Y.S. 72, 74-75 (1934).

The Court in *Eden Financial Group, Inc. v. Fidelity Bankers Life Ins. Co.*, 778 F. Supp. 278 (E.D. Va. 1991) noted:

> There are fundamental distinctions between the purposes of a liquidation and the purposes of a rehabilitation. The goal of rehabilitation is to continue the relationship between the insurer and the insured by protecting the insured's interest during financially impaired times of the insurer … A rehabilitation proceeding modifies and monitors the operation of an insurer with the interests of policyholders. The insurer and rehabilitation continues to keep policies in force, pay claims, remove policies, accept premiums and, in short do everything that insurance companies do. A liquidation proceeding, on the other hand, adjudicates competing rights of creditors to insufficient assets. At the end of the liquidation, the insurer ceases to exist, and thus there is no continuing relationship between the insurer and the insured to protect.

(778 F. Supp. at 282.) Frontier is in rehabilitation. Alaska law recognizes the difference between rehabilitation – AS 21.78.040 and 21.78.090 – and liquidation – AS 21.78.050 and 21.78.100.

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 4 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

### 2. The Uniform Insurers Liquidation Act.

Both New York and Alaska have ostensibly adopted the Uniform Insurers Liquidation Act ("UILA") approved by the National Conference on State Laws in 1939. *Schwab, et al., Cross-Border Insurance Insolvency: The Search for a Forum Concursus*, 12 U. Pa. J. Int'l. Bus. L. 303, 373 (Appendix A) (1991). The statute was designed to deal with problems of administering troubled insurance companies which had assets and liabilities in more than one state. *Schwab*, *supra*, at p. 310. The adoption of the UILA was intended to "greatly facilitate proceedings commenced with the liquidation, rehabilitation or reorganization of insurance companies and … provide for the equitable distribution of the assets of defendant insurers." *Id.* The purpose of the UILA was to provide a uniform and equitable method of preserving, making and processing claims against a defunct insurer, and to provide a fair, orderly and efficient procedure to distribute the assets of the insurer, so as to protect the interests of the company's owners, policy holders and creditors, as well as the public. *Id.* Specifically, the UILA was designed to secure equal treatment for all parties affected by an insurance insolvency, wherever those parties may be situated." *Id.* The key to the Act is uniformity amongst the states. If the law is equivalent in substance and effect in each state, the states are reciprocal. *All Star Advertising Agency v. Reliance Insurance Co.*, 898 So. 2d 369, 375 (La. 2005).

### 3. New York and Alaska are not reciprocal states with respect to rehabilitation.

Despite having adopted the UILA, New York and Alaska are not in accord on certain significant basic aspects of their rehabilitation procedures and, accordingly, are not reciprocal states under the UILA. New York has departed from the UILA and the jurisdictions that have adopted it, in certain key respects.

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 5 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

A comparison of Alaska and New York law on key rehabilitation provisions is crucial to this motion.

AS 21.78.190 states,

> During the pendency of delinquency proceedings in this or a reciprocal state, an action or proceeding in the nature of an attachment, garnishment, or execution may not be commenced or maintained in the courts of this state against the delinquent insurer or its assets. A lien obtained for the action or proceeding within four months before the commencement of the delinquency proceeding or at any time thereafter shall be void as against any rights arising in the delinquency proceeding.

In construing Cal. Ins. Code § 1064.9, which is identical to AS 21.78.190, the Ninth Circuit stated, "The language suggests that 'an action or proceeding' may be maintained *unless* it is in the nature of an attachment, garnishment or execution." (Italics in original.) *Hawthorne Savings F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 855 (9th Cir. 2005). AS 21.78.190 only precludes attachment, garnishment or execution during rehabilitation. It does not preclude an action seeking a judgment. There is nothing in either the UILA or Alaska law that provides that this action must be stayed during Frontier's rehabilitation.

While New York has a similar provision to AS 21.78.190, the New York statutes vest New York courts with powers not found in UILA. Under N.Y. Ins. Law § 7419(b) (McKinney 2001) a New York court "may at any time during a proceeding under this article issue such other injunctions or orders it deems necessary to prevent interference with the superintendent or the proceeding, or waste of the assets on the insurer, or the commencement or prosecution of any actions, the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the insurer, its assets or any part thereof." And under the New York Act, the term "delinquency proceeding" is defined to mean "any proceeding commenced against an insurer for

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

the purpose of liquidating, rehabilitating, reorganizing or conserving such insurer." (N.Y. Ins.

Law § 7408 (b)(2), McKinney 2001.)

This injunctive power is unique to New York. Other states that have adopted the UILA

do not have such a provision. *See* Ill S.H.A. 215 ILCS 5/221.125/221.3; Wash RCWA

48.99.010 - 48.99.900.

New York and Alaska law also differ in one other significant respect. AS 21.78.090(f)

states,

> A court in this state before which an action or proceeding is pending in which the
> insurer is a party or in which the insurer is obligated to defend a party shall stay
> the action or proceeding when a rehabilitation order against the insurer is entered.
> <u>The stay shall be imposed for that period of time necessary for the receiver to
> obtain proper representation and prepare for further proceedings.</u> The receiver
> shall take action respecting the pending litigation that the receiver considers
> necessary in the interests of justice and for the protection of creditors,
> policyholders, and the public. …

(Emphasis added.) New York law does not place any time limitations on the length of time that

a rehabilitation action may be pending.[1]  Such unlimited protection is unwarranted in a

rehabilitation proceeding. Alaska and New York are not reciprocal states under the UILA and

Alaska law rather than New York should prevail on this matter.

Even if New York and Alaska are reciprocal states, the stay should be lifted. *See*

*Hawthorne Savings F.S.B. v. Reliance Insurance*, 421 F.3d 835, 852-853 (9th Cir. 2005). In

---

[1] An increasing number of states have enacted the Insurers Rehabilitation and Liquidation Model
Act ("the Model Act"). This includes some states that previously had adopted the UILA which
in turn revoked it in favor of the Model Act. *Schwab*, *supra*, p. 310. The Model Act provides
only a 90 day stay (unless extended for a specified period) in rehabilitation proceedings.
*Schwab*, *supra*, at 324. During this limited time period, the rehabilitator must retain counsel,
prepare for proceedings, and take such action against pending litigation as is necessary in the
interests of justice and for the protection of the policyholders, creditors and the public. The
rationale behind this provision is that if the rehabilitator needs to avoid actions in a suit against
the insurer, then the insurer should be liquidated rather than rehabilitated. *Id.*

*Alternatives Community Mental Health
                                        Center, Inc. v. Frontier Insurance Company*
                                        Case No. 3:01-cv-294-JKS

*Hawthorne* the court held, "The purpose of the UILA is to bar claimants from directly interfering with liquidation proceedings.  Allowing suits such as Hawthorne's to go to judgment does not implicate this underlying principle.  … We therefore hold that, although Pennsylvania is a reciprocal state under the UILA for purposes of California law, a California state court would not stay its proceedings but would decide the merits of this dispute, as did the district court."  421 F.3d at 855, 856.

Two recent U.S.D.C. decisions have addressed the unlimited duration of Frontier's stay during rehabilitation and concluded that the New York court's stay should be lifted.  In *Spencer v. Frontier Insurance Co.*, C/A No. 3:02-3431 JFA (November 2005) filed in the District of South Carolina, Columbia Division, the court held that it is not convinced that plaintiff's due process rights are adequately protected under the procedures in place.  This court has in interest in the fair and efficient administration of justice for litigants residing within this district.  The plaintiff has waited almost three years for his day in court and under the procedures in place in the New York rehabilitation action there is no end in sight … the stay in this case should be lifted and the plaintiff allowed to proceed in this court."  (*See* Treptow Affidavit at ¶¶ 3 and 4.)

In *Love v. Frontier Ins. Co.*, 526 F. Supp. 2d 859, 861 (N.D. Ill. E.D. 2007) the court denied Frontier's motion to dismiss the proceeding against it.  Frontier argued New York courts had sole jurisdiction over any lawsuits brought against Frontier and that the district court must have the injunction imposed by the New York Supreme Court.  In denying Frontier's motion and found that it was free to disregard such out of state injunctions and quoted Lord Ellenborough from the decision in *Buchanan v. Rucker*, 9 East 192, 103 Eng. Rep. 546 (K.B. 1808) wherein he

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 8 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

stated, "Can the island of Tobago pass a law to bind the rights of the whole world?"  526 F. Supp. at 861.

### 4.     Anti-suit injunctions violate due process and are disfavored.

Many states have statutes identical to or very similar to AS 21.78.090.  Courts in several of those states have refused to honor any injunctions issued in rehabilitation proceedings in the courts of other states.

Missouri's UILA allows an insurer in rehabilitation "90 days and such additional time as is necessary for the rehabilitator to obtain proper representation and prepare for further proceedings."  (Mo. Ann. Stat. § 375.1170 (Vernon 1991).)

The court, in *State ex rel. Dykhouse v. Edwards*, 908 S.W.2d 686 (Mo. 1995), acknowledged that, "Clearly, the legislature intended to differentiate between adjoining actions pending in rehabilitation proceedings and those pending in liquidation proceedings."  908 S.W.2d at 689.  Missouri refused to honor Michigan's anti-suit injunction beyond Missouri's own 90 day statutory limit.  In so doing the court stated,

> Relator contends that the continued vitality of the interstate system regulating insurers in financial distress depends upon reciprocity, which requires that respondent honor the Michigan injunction.  The contention is purely speculative and disregards the ability of a trial judge to exercise discretion in appropriate circumstances in rehabilitation proceedings … All the cases relator cites involve enforcement of the stay issued by one state court  and accorded the same state rather than interstate enforcement of an order.  None of the cases involve statutes identical to those at issue here.  None holds that the court of one state is required to honor a stay of order issued in favor of a rehabilitator in another state.

*Id.*

In *Fuhrman v. United American Insurors*, 269 N.W.2d 842 (Minn. 1978) the court held that, "The appointment of a liquidating receiver in another state or an insurance company

registered to do business in Minnesota does not preclude the courts of Minnesota from inserting *in personam* jurisdiction of the insurance company and a declaratory judgment action." 269 N.W.2d at 844. The court also held, "An injunction issued by a court in another state prohibiting all litigation against an insurance company which has been placed in receivership does not deprive a Minnesota court of subject matter jurisdiction in an *in personam* action against the insurance company." *Id.*

Other courts have similarly refused to honor an indefinite anti-suit injunction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *Robbins v. Reliance Ins. Co.*, 102 S.W.3d 739 (Tex. 2001) (full faith and credit not extended to Pennsylvania rehabilitators anti-suit injunction); *Slotkin v. Brookdale Hospital Center,* 357 F.Supp. 705 (S.D.N.Y. 1972) ("anti-suit injunction ignored because plaintiff seeking *personam* relief that in no way interferes with the race, or property of the liquidator"); *Hoiness-LaBar Ins. v. Julien Const. Co.*, 743 P.2d 1262, 1269 (Wyo. 1987) ("The Uniform Act does not contemplate discontinuance of an action to obtain a judgment under way in Wyoming. We find the trial court's action was entirely consistent with the Uniform Act.")

A court order that attempts to bind parties beyond the court's jurisdiction violates due process rights of those parties and is void. *Microystems Software, Inc. v. Scandinavia Online A.B.*, 226 F.3d 35, 42-43 (1st Cir. 2000); *New York v. Operation Resources Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996). A court cannot bind the world. *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832 (2d Cir. 1930) (Hand, J) ("No court can make a decree which will bind anyone but a party; … it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. … its jurisdiction is limited to those over whom it gets personal service.") *Id.* at 832.

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 10 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

### 5. A continuation of the stay unfairly prejudices Alternatives.

It is Alternatives understanding that the initial stay under ¶ 9 of the New York Supreme Court's Order of October 15, 2001, expired at the end of 180 days as specified in the Rehabilitation. That stay may have extended for another 180 days but it is clear that, at least, by the end of 2002 or early 2003 Frontier has been defending and settling cases against its insureds.

Since at least February 6, 2003 Frontier has been reprsenting its isnureds in actions brought in Alaska. The case of *Ayuluk v. Red Oaks Assisted Living* ("Red Oaks") has been tried and is currently on appeal to the Alaska Supreme Court. Since February 6, 2003, Frontier has been paying for Red Oaks' defense.

Frontier's assets continue to diminish because of attorneys' fees, judgments and settlements involving its insureds. The possibility certainly exists that all of Frontier's assets will be dissipated before Alternatives' claims are ever addressed. If this occurs, Alternatives will be unnecessarily prejudiced.

### B. No Legal Justification Exists for Continuing the Stay

#### 1. The New York Supreme Court's Order is not entitled to Full Faith and Credit.

In order for Full Faith and Credit to be accorded to a foreign judicial proceeding, it must appear that the foreign tribunal had jurisdiction over both the parties and the subject matter of the litigation. *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. GuarantyAssn.*, 455 U.S. 691, 692 (1982); *Roche v. McDonald*, 275 U.S. 449 (1928). In addition, Full Faith and Credit deals with the enforceability of a final judgment. *Baker by Thomas v. GMC*, 522 U.S. 222, 223 (1998).

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 11 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

In *Underwriters*, the parties challenging the rehabilitation court's adjudication had been members of a class fully represented in the rehabilitation proceeding. The rehabilitation court thus had personal jurisdiction over all the parties to its determination. Here, the Supreme Court of New York lacks personal jurisdiction over Alternatives, and Alternatives has not been represented in any capacity before the New York Supreme Court.

The court in *Cook v. Delmarva Power & Light Co.*, 505 A.2d 447, 449 (Del. Super. Ct. 1985) addressed a similar order from the Supreme Court of the State of New York which enjoined all persons who had claims against the insurer whose liquidation it was overseeing from proceeding further with claims. *Id.* at 448. The court found neither full faith nor comity required the court to respect the injunction. The court stated, "The New York court … has jurisdiction only over [the insurer]. The New York court having appointed the New York Superintendent of Insurance as the provisional liquidator of [insurer] has by operation of law taken constructive possession of the corporate assets [or insurer]. That action is clearly proper. There is, however, a distinction to be made regarding the power of the court over the property of a corporation receivership and over claims against that property. *Id.* at 450. *See also Lower Southampton Township v. Midland Insurance Co.*, Civ. A. No. 843185, 1986 WL 15010, at p. 1 (ED Pa 1986). ("While a federal court may not exercise its jurisdiction to effect or disturb possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such a property where final judgment does not interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.")

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 12 of 19
4823-4670-4642\3\453702\00007

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

In *Hawthorne Savings F.S.B. v. Reliance Insurance Company of Illinois*, 421 F.3d 835 (9th Cir. 2005), the insured brought action in California state court against the insurer alleging various state law contract claims. As in this case, the insurer removed the action to Federal Court based upon diversity of citizenship. The insurer, Reliance, was subsequently placed in rehabilitation proceedings, and later in liquidation proceedings in Pennsylvania state court. Reliance moved to dismiss the lawsuit on the grounds that the rehabilitation order issued by Pennsylvania Commonwealth Court provided, *inter alia*, that "all actions, including arbitrations and mediations, currently pending against Reliance in the courts of the Commonwealth of Pennsylvania are elsewhere hereby stayed." *Id.* at 840. The District Court denied Reliance's motion to dismiss the *Hawthorne* lawsuit on the ground that the liquidation order vested the Pennsylvania Commonwealth Court with "exclusive" jurisdiction over claims against Reliance and enjoined any continued prosecution of claims against Reliance in other fora. The Court denied the motion to dismiss and judgment was ultimately entered in Hawthorne's favor.

On appeal, Reliance contended that the District Court should not have exercised jurisdiction over the suit once the Commonwealth Court commenced rehabilitation and liquidation proceedings. On appeal, Reliance argued that the District Court should have accorded Full Faith and Credit to the stay contained in the Pennsylvania Commonwealth Court's rehabilitation and liquidation orders. The Ninth Circuit rejected this argument and stated, "First, both interstate and state-federal full faith and credit principles concern the enforceability of judgments, and therefore incorporate otherwise applicable limitations on enforceability. Thus, 'a final judgment in one State, if rendered by a court with adjudicatory authority over the subject

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 13 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

matter and persons governed by the judgment, qualifies for recognition throughout the land.'" (Citations omitted.)  421 F.3d at 849, 850.

The Ninth Circuit found, "Hawthorne was never a party to the Pennsylvania proceedings, nor does Reliance argue the Commonwealth Court on any other basis had personal jurisdiction over Hawthorne." *Id.* at 850.  The Court went on to state, "Although 'state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guarantee by federal law' (citations omitted), they can do no less, either.  We therefore will not extend full faith and credit to the rehabilitation and liquidation orders, because the Commonwealth Court lacked in personam jurisdiction over Hawthorne in proceedings in which the orders were issued." *Id.* at 850.

The Court further stated, "Moreover, even if the jurisdictional prerequisites were satisfied, and even assuming that the anti-suit injunction in the liquidation order is a 'judgment' entitled to full faith and credit, a point we do not decide, state courts may never enjoin in personam proceedings in the federal courts." *Id.*  On this point, the Ninth Circuit held,

> "Hawthorne's suit is an in personam proceeding and the rule barring states from enjoining in personam actions in federal courts applies with equal force regardless of the basis for federal jurisdiction.  (Citation omitted.)  We therefore agree with the Tenth Circuit that 'the argument that a state court could in effect enjoin a person from proceeding further in an action previously instituted in a federal court where the federal court admittedly has jurisdiction of both subject matter and the parties is a bit startling and finds no sanction in the law.'"

*Id.* at 851.  (*Quoting Aluminum Prods. Distribs., Inc. v. Aaacon Auto Transp., Inc.*, 549 F.2d 1381, 1383 (10th Cir. 1977).

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 14 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

## 2.    This Court is not bound to abstain in this case.

"In determining its own jurisdiction, a district court … must look to the sources of its power and not to the acts of states which have no power to enlarge or contract the federal jurisdiction." *Gross v. Weingarten*, 217 F.3d 208 (4th Cir. 2000).  The *Gross* court noted, "The Supreme Court has repeatedly and unequivocally rejected the [rehabilitator's] contention that a state may oust the federal courts of jurisdiction by creating an exclusive forum for claims against an estate.  As early as 1857 the Court noted that it had 'repeatedly decided that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power.'"  (*Citing Hyde v. Stone*, 61 U.S. 170, 175 (1857).

In *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) the Supreme Court stated that federal courts should abstain from interfering with specialized, ongoing state regulatory schemes.  Specifically, the court held that the federal district court should have abstained from deciding a lawsuit challenging the validity of an order by the Texas Railroad Commission giving the plaintiff permission to drill several oil wells.

In *Burford*, the Supreme Court determined that a federal court's abstention is appropriate when judicial review in the designated state of forum is "expeditious and adequate," in order to avoid review in the federal courts that could cause "delay, misunderstanding of local law and federal conflict with state policy."  319 U.S. at 327-34.  Additionally, the Supreme Court held that a federal court could give rise to "intolerable confusion" that a specialized state forum seeks to award.  *Id.*

The Supreme Court has emphasized, "Burford represents an 'extraordinary and narrow exception to the duty of the district court to adjudicate a controversy properly before it.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996).

The court must determine if either of the two *Burford* circumstances are present. It is clear that there is no "difficult question of state law" presented, as this case involves a breach of contract dispute to which well established legal principles apply. Consequently, the first *Burford* circumstance is not present. In *Property & Cas. Ins. Ltd. v. Central Nat'l. Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991) the Seventh Circuit held that a court must find two essential elements in order to justify abstention under the second prominent *Burford* doctrine: First, the state must offer some forum in which the claims may be litigated; second, that the forum must be special – must stand in a special relationship with technical oversight or concentrated view to the evaluation of those claims.

There is no evidence the New York Superintendent of Insurance has done anything substantial in the rehabilitation proceeding He did serve the initial injunction. However, six and one-half years later Frontier is still in rehabilitation. In *Property & Cas. Ins. Ltd.*, the Seventh Circuit, faced with virtually identical fact situation involving a claim for amounts owed under a reinsurance agreement, held that the record did not justify abstention in favor of the pending rehabilitation proceeding initiated against the defendant in Nebraska by that state's Director of Insurance. The Seventh Circuit stated,

> It is quite apparent from the record that [the insurance company] is experiencing some form of financial difficulty. We cannot ascertain with reasonable certainty, however, whether the Rehabilitator has commenced the type of proceeding to which *Burford* and *Hartford Casualty* pay deference. The Nebraska rehabilitation statute says nothing about the wisdom or necessity of a specialized creditor claims proceedings; its institution is within the complete discretion of the

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

> Rehabilitator.  What is more, we have no indication the Rehabilitator has attempted to commence a specialized proceeding.  Last, the large body of courts before which review is presently possible does not stand in any special relationship of technical oversight or concentrated review to the evaluation of creditor claims against Central National.  And under these circumstances, abstention does not appear to be appropriate.

936 F.2d at 323.

All of the elements necessary to justify *Burford* abstention are absent in this case. Alternatives do not claim any "extraordinary circumstances" required to justify absention.  *See Quackenbush*, 517 U.S. at 721.  Alternatives' claims do not present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar."  *NOPSI*, 491 U.S. at 361.  Alternatives presents a "run of the mill contract claim whose significance is entirely limited to this case.  *See Quackenbush*, 517 U.S. at 729.  Alternatives' claims do not present "difficult questions of state law or the state's interest in uniform regulation outweighs the federal interest in adjudicating the case at bar."  *Martin v. Stewart*, 499 F.3d 360, 365 (4th Cir. 2007).

### 3.    The Court need not continue the stay out of a sense of comity.

Frontier may argue that the stay should remain in place because comity requires the district court to do so.  That argument fails as a matter of law.

The Ninth Circuit has made it clear that, "Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independent of state government in carrying out its governmental functions.  However, comity is a doctrine of discretionary abstention."  *City & County of San Francisco v. Assessment Appeals Bd.*, 122 F.3d 1274, 1277 (9th Cir. 1997).

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 17 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

As the Ninth Circuit pointed out in *Hawthorne Savings F.S.B.*, "as the Supreme Court has made clear, 'principles of comity and federalism do not require that a federal court abandon jurisdiction that is properly acquired simply because a similar suit is later filed in a state court." 421 F.3d at 852. The Ninth Circuit went on to state, "Here, the federal action was already pending at the time the rehabilitation and liquidation orders were filed. The district court therefore did not violate principles of comity by continuing to exercise jurisdiction over this suit." *Id.*

The Missouri Supreme Court in *State ex. rel. Dykhouse v. Edwards*, 908 S.W.2d 686, 689 (Mo. 1995) noted, "In contrast to the Full Faith and Credit Clause of the United States Constitution, which imposes obligations on the courts of a sister state, the rule of comity is 'a matter of courtesy, complaisance, respect-not of right but of deference and good will." (Citations omitted.) Comity is the voluntary decision of one state to defer to the policy of another in an effort to promote uniformity of laws, harmony in their application, and other related principles. (Citations omitted.) Further, comity extends to substantive rights only, and does not generally apply to remedies. Relator is not entitled to enforcement of the Michigan stay under the rule of comity." *Id.* at 689, 690. *See also Ex parte Noble Trucking Co., Inc. v. Rayfield*, 675 So.2d 356, 358 (Ala. 1996).

## III.    CONCLUSION

New York and Alaska are not reciprocal states under the UILA and this Court is not required to follow New York law. The New York Supreme Court's order is not entitled to Full Faith and Credit or comity. The requirements for abstention are not present. Due process

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 18 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS

demands that the stay be lifted and this case proceed on its merits.  Alternatives has waited long

enough.

DATED this 18th day of June, 2008, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Attorneys for Petitioner


By:  /s/ John A. Treptow
John A. Treptow, ABA #7605059
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
Telephone:     (907) 276-4557
Facsimile:     (907) 276-4152
Email: treptow.john@dorsey.com


**CERTIFICATE OF SERVICE**

This certifies that on this 18th day of June, 2008, a true
and correct copy of the foregoing document was served
electronically on:

Randall J. Weddle
Holmes Weddle & Barcott, P.C.
701 West 8th Avenue, Suite 700
Anchorage, Alaska 99501
rweddle@hwb-law.com


s/ John A. Treptow

MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY
Page 19 of 19

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*
Case No. 3:01-cv-294-JKS