UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Curtis Spencer, individually, and as the Personal Representative of the Estate of Thomas R. Spencer,<br><br>    Plaintiff,<br><br>vs.<br><br>Frontier Insurance Company,<br><br>    Defendant. | C/A No.3:02-3431-JFA<br><br><br><br><br><br>ORDER |

  This matter is before the court on plaintiff's motion to lift the stay in this case.

  The plaintiffs, Curtis Spencer and Thomas Spencer,[1] brought an action in state court alleging that the defendant, Frontier Insurance Company ("Frontier"), failed to pay money owed to the plaintiffs under a surety bond. The defendant removed this case to federal court, answered the complaint, and moved to dismiss or stay this case pending the resolution of Frontier's insolvency rehabilitation proceedings in New York. This court issued a stay based on *Burford* abstention on May 27, 2003.

  Frontier is an insurance company domiciled in New York. On October 15, 2001, Part 19 of the Supreme Court of New York entered an order of rehabilitation (the "New York Order"), declaring, among other things, that Frontier was insolvent; appointing the New York Superintendent of Insurance as the Rehabilitator of Frontier, and ordering that "[a]ll persons

---

[1] Thomas Spencer passed away during the pendency of this action.

1

are enjoined and restrained from commencing or prosecuting any actions, lawsuits, or proceedings against Frontier, or the Superintendent as Rehabilitator."

The New York Order was the basis of the defendant's motion to dismiss or stay the plaintiff's lawsuit. This court rejected the defendant's arguments based on New York and South Carolina being "reciprocal states" under South Carolina's Insurers' Rehabilitation Act and based on the Full Faith and Credit Clause of the United States Constitution. However, the court granted the defendant's motion for a stay based on the *Burford* abstention doctrine. In the May 27, 2003 order issuing the stay, this court expressed concern for the seemingly endless rehabilitation of Frontier and indefinite immunity from suit that the New York anti-suit injunction provides.

In October 2004, the defendant initiated an action in the United States District Court in Indiana against CT Acquisition Corp., the principal on the bond, seeking indemnification for plaintiff's claims against the defendant in the present case. The plaintiff unsuccessfully attempted to intervene in the Indiana action.

After the plaintiff filed the motion to lift the stay, the defendant sent a notice of determination to the plaintiff disallowing his claim, despite the plaintiff's contention that he has not submitted to the personal jurisdiction of the New York court. The stated reason for the disallowance was: "The principal was substituted without prior consent of the Surety." In oral argument, the plaintiff asserted that there had been no change in principal. The defendant did not dispute the plaintiff's assertion and was unable, at oral argument, to elaborate further on the reason for the disallowance.

The *Burford* abstention doctrine provides that "the federal judiciary should ... abstain from deciding cases (1) that present 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar' or (2) whose adjudication in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Johnson v. Collins Entertainment Company*, 199 F.3d 710, 719 (4th Cir. 1999) (quoting *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989)). However, the United States Supreme Court has recognized that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

The court has reviewed the memoranda, exhibits, and case law in this case and is not convinced that the plaintiff's due process rights are being adequately protected under the procedures in place. This court has in interest in the fair and efficient administration of justice for litigants residing within this district. The plaintiff has waited almost three years for his day in court and under the procedures in place in the New York rehabilitation action, there is no end in sight. At oral argument, defendant was unable to provide the court with even an estimated timeframe in which the rehabilitation of Frontier may occur. Meanwhile, the defendant takes seemingly inconsistent positions by denying the plaintiff's claim while simultaneously seeking indemnification for that claim in Indiana. The *Burford* abstention doctrine should not be used as a shield to delay justice indefinitely. It is the determination of this court, acting within its discretion, that the stay in this case should be lifted and the plaintiff

allowed to proceed in this court.

    IT IS SO ORDERED.

                                                   /s/ Joseph F. Anderson, Jr.
                                                 United States District Judge

November 10, 2005
Columbia, South Carolina