IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ALTERNATIVES COMMUNITY
MENTAL HEALTH CENTER, INC.,

           Plaintiff,           Case No. 3:01-cv-294-JKS

vs.                                            Affidavit

FRONTIER INSURANCE COMPANY,
(In Rehabilitiation)

           Defendant.

---

State of New York
           ss:
County of Sullivan

      Henry Neal Conolly, being duly sworn, deposes and states as follows:

      1.     I am retained as the Administrator of Frontier Insurance Company in Rehabilitation, a domestic New York insurance corporation, the business and assets of which are in the possession and control of the Superintendent of Insurance of the State of New York, Eric DiNallo, in his capacity as the New York Supreme Court appointed statutory Rehabilitator of the Frontier Insurance Company Estate. As such, I act as the Administrator and fiduciary for the Rehabilitator, and I make this affidavit to respectfully request that the United States District of Court for Alaska deny this motion seeking to lift stay.

2. Frontier was placed in rehabilitation by Court Order on October 15, 2001. Since that time substantial progress has been made in the rehabilitation, and an estimated 20,000 and more claims have been adjudicated and resolved at the direct policyholder priority level of class two as delineated in New York Insurance Law section 7434(a)(1)(ii). During the course of the rehabilitation of Frontier the New York Supreme Court has issued an order providing for a remedy, the "Interim Procedure", to provide for the adjudication and allowance for certain claims which are alleged directly against Frontier Insurance Company. The same procedure provides a remedy for claims that otherwise remain stayed in New York and in those jurisdictions which choose to acknowledge the injunction of the New York Supreme Court rendered on October 15, 2001. A copy of the Interim Procedure and New York Supreme Court Order adopting the same procedure is hereto annexed as an exhibit.

3. While certain parts of the original order, including injunctions barring direct actions against policyholders of Frontier Insurance Company, have expired by their terms (at 90 and 180 days, for example), the rehabilitation Order injunction against prosecution of lawsuits directly against Frontier Insurance Company (see par. 7.) continues, as does the New York Supreme Court's injunction proscribing the obtaining of preferences, judgments, attachments or other liens or making any levy against Frontier's assets or any part thereof (see par. 8). Frontier's assets remain within the jurisdiction of the New York Supreme Court.

4. Upon receipt of the "Motion to Lift Stay" that is the subject of this proceeding, I immediately emailed and wrote a letter to the Plaintiff's counsel on June 24, 2008 addressing several factual allegations made concerning reinsurance and the status of the rehabilitation of Frontier, and I pointedly advised counsel that Frontier would consent to the presentation by counsel of his client's claim within the New York Supreme Court ordered Interim Procedure. I said and I reiterate that Frontier's counsel will be directed to seek the appropriate order, upon consent, to allow for plaintiff's counsel's appearance, and for the adjudication of the same plaintiff's claim forthwith. The same offer remains, and will remain outstanding to the plaintiff.

5. Frontier is insolvent, at a negative surplus of more than $100 million as of December 31, 2007, although Frontier's financial condition has significantly improved from the estimated scope of the insolvency at the inception of the rehabilitation. No one can make a prediction as to the ultimate outcome of the rehabilitation case, however, during the rehabilitation Frontier has addressed policyholder obligations and paid claims in excess of $500 million without triggering the stressed national guaranty fund system.

6. I assure this Court that if the plaintiff presents its claim within the Supreme Court supervised Interim Procedure that the same claim will be addressed and determined. Frontier has resisted those claimants who seek to avoid the rehabilitation Court ordered injunction, or cause un-necessary expense, or ignore the orderly process that the rehabilitation Court has established for adjudication of claims directly against Frontier.

7.  Actions taken directly against Frontier outside of the rehabilitation Court case or the Interim Procedure process, without the consent of the Rehabilitator, have been resisted by the Rehabilitator as a matter of policy to better encourage the orderly and cost effective adjudication of claims, and to promote fairness among claims settlements in accord with the class of each claim made, in each case to be consistent with the policy of New York's insolvency statute [Insurance Law Article 74] that governs Frontier's case.

FURTHER YOUR AFFIANT SAYETH NAUGHT

Henry Neal Conolly

Sworn to before me this
15th day of July, 2008

Notary Public State of New York

BARBARA L. RUSTIC
Notary Public, State of New York
Sullivan County Clerk's # 2298
Commission Expires April 30, 2010

At the IAS Part 19 of the Supreme Court of the State of New York, held in and for the County of Sullivan, at the Courthouse thereof, 214 Broadway, Monticello New York on the 10th day of May, 2004.

PRESENT:

HON. NICHOLAS A. CLEMENTE

JUSTICE.

-----------------------------------------X

In the Matter of

the Rehabilitation of

FRONTIER INSURANCE COMPANY

-----------------------------------------X

Index No.: 1357/03

ORDER APPROVING THE INTERIM PROCEDURE FOR JUDICIAL REVIEW OF THE REHABILITATOR'S ADJUDICATION OF CLAIMS

Upon reading and filing the annexed verified petition of H. NEAL CONOLLY, Administrator of FRONTIER INSURANCE COMPANY in Rehabilitation ("Frontier"), appointed by GREGORY V. SERIO, the Superintendent of Insurance of the State of New York as Rehabilitator of FRONTIER INSURANCE COMPANY (the "Rehabilitator"), to carry out the duties of the Superintendent of Insurance, as Rehabilitator, dated May 6, 2004, for approval of a procedure (the "Procedure") for judicial review of the Rehabilitator's adjudication of claims made in this proceeding, and it appearing from the Petition that the Procedure will best serve the interests of Frontier, its policyholders, claimants, creditors, all other interested persons and the public, and that it should be approved and implemented:

IT IS HEREBY ORDERED:

1. The Procedure is approved.

2. The Court finds that the Procedure is required for the orderly administration of Frontier. The Procedure will enable the Rehabilitator to dispose of surety claims, which would not be covered by the majority of Guaranty Associations, and other claims as the Court deems appropriate (the "Claims"), on an ongoing basis, while offering due process to all claimants who object to his recommendations.

3. The Procedure is as follows:

   a) The Rehabilitator shall assign a receivership number to each claim received;

   b) The Rehabilitator shall examine each claim received and shall make a determination, recommending allowance, disallowance or modification with respect to each claim;

   c) The Rehabilitator shall, on a periodic basis, prepare a list of claims that have been examined in that period, which sets forth the claimant's name, last known address, the receivership and claim numbers and the amount, if any, recommended for allowance, disallowance or modification, a copy of which shall be filed with the Clerk of Sullivan County.

   d) The Rehabilitator shall serve each claimant with a "Notice of Determination" for each claim on the list. Service shall be made by first class mail to the claimant's last known address.

   e) The Notice of Determination shall advise the claimant:

      i) of the amount, if any, recommended for allowance by the Rehabilitator;

      ii) that no further action by the claimant is required if the claimant accepts the Rehabilitator's recommendation;

      iii) that the claimant may object to the Notice of Determination by serving a written objection on the Rehabilitator within sixty (60) days of the date of service of the Notice of Determination;

    iv)    that the Rehabilitator's recommendation will be approved by the Court and that the claims status and value will be fully and finally determined unless the claimant objects as set forth therein;

    v)    in the event the claimant makes a timely objection, the Rehabilitator will contact the claimant to attempt to resolve the objection and/or move, on notice, for an order approving his recommendation or scheduling a hearing to resolve the dispute;

    vi)    the Rehabilitator will refer each claim for which a timely objection has been made and which has not been resolved to the referee appointed by the Court to hear and report on the validity of claimants' objections and the Rehabilitator will notify each claimant of the time and place of the hearing on the claimant's claim;

    vii)    either the claimant or the Rehabilitator may petition the Court on notice for an order confirming the referee's report.

f)    The Rehabilitator shall move, ex parte, no earlier than seventy-five days after the date of the Notice of Determination for an order approving and confirming the Rehabilitator's adjudications of all claims for which no objections are received.

g)    The Rehabilitator is authorized, in his sole discretion, to settle claims at any time during the adjudication process.


ENTER

_____
J. S. C.


G:\LGLDIVWA\L2200\L2260\FRONTIER Procedure for Allowance of Claims.doc