John A. Treptow, ABA #7605059
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
Telephone:     (907) 276-4557
Facsimile:     (907) 276-4152
Email: jtreptow@dorsey.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALTERNATIVES COMMUNITY MENTAL HEALTH CENTER, INC.,<br><br>                  Plaintiff,<br>vs.<br><br>FRONTIER INSURANCE COMPANY,<br><br>                  Defendant. | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND OPPOSITION TO MOTION TO LIFT STAY**<br><br>Case No. 3:01-cv-294-JKS |

Alternatives Community Mental Health Center, Inc. ("Alternatives") by and through its

attorneys, Dorsey & Whitney LLP, hereby files its Reply to Frontier Insurance Company's

("Frontier") Response and Opposition to Alternatives' Motion to Lift Stay.

I.     **INTRODUCTION**

The impetus for the instant motion was the decisions of two United States District Courts

addressing the propriety of the New York Supreme Court's Order of October 15, 2001 enjoining

the commencement or continued prosecution of lawsuits against Frontier while in rehabilitation.[1]

---

[1] *Love v. Frontier Ins. Co.*, 526 F. Supp. 2d 859, 861 (N.D. Ill. E.D. 2007); *Spencer v. Frontier Insurance Co.*, C/A No. 3:02-3431-JFA (November 2005) (attached as Exhibit A to Treptow Affidavit filed June 18, 2008).

Both decisions raised multiple due process concerns about the New York Supreme Court's

injunction.  The *Spencer* decision lifted the stay that the United States District Court for the

District of South Carolina had entered earlier.  In *Love*, the United States District Court for the

Northern District of Illinois denied Frontier's motion to dismiss the litigation based upon the

New York Supreme Court's Order of October 15, 2001.

Relying on those decisions as well as the Ninth Circuit's decision in *Hawthorne Savings*

*F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835 (9th Cir. 2005) and Alaska law, Alternatives

moved to lift the stay imposed by this Court on January 8, 2002.  Alternatives' motion raised a

number of substantive legal arguments as to why this Court should lift the stay.  Basically, it was

Alternatives' position that:  (a) Alaska law does not permit an insurer in rehabilitation to stay

proceedings indefinitely, and (b) no legal justification existed for continuing the stay.  Both of

Alternatives' arguments were grounded on due process considerations.

In response to Alternatives' motion, Frontier simply filed the affidavit of Henry Neal

Conolly.[2]  That affidavit does not address <u>any</u> of the legal arguments raised by Alternatives in its

motion.  The Conolly affidavit does, however, provide several additional factual assertions that

Alternatives believes fully supports its motion and will be discussed briefly below.

---

[2] The Conolly affidavit does not meet the requirements of LR 7.1(a)(1) and (2) for an opposition
to a motion.  Accordingly, Frontier has failed to oppose the motion.  Alternatives' motion is thus
deemed "well taken."  *See* LR 7.1(d)(1).

II.   **FRONTIER HAS BEEN LESS THAN FORTHCOMING WITH ALTERNATIVES AND THIS COURT ON THE STATUS OF REHABILITATION**

A.   **Conolly's Affidavit**

The affidavit of Henry Neal Conolly is illuminating on several points:  (1) Certain parts of the New York Supreme Court's original rehabilitation Order, dealing with injunctions, have expired; (2) On May 10, 2004 the New York Supreme Court entered an Order permitting claims, like those filed by Frontier, "to be addressed and determined" by the rehabilitator; (3) Frontier has paid out in excess of $500 million in claims during the rehabilitation process; and (4) the administrator has no idea when the rehabilitation process will end.

B.   **The New York Court's May 10, 2004 Order**

Mr. Conolly indicates, at paragraph 4 of his affidavit, that "upon receipt of the 'Motion to Lift Stay' that is the subject of this proceeding, I immediately emailed and wrote a letter to the Plaintiff's counsel on June 24, 2008 addressing several factual allegations made concerning reinsurance and the status of the rehabilitation of Frontier, and I pointedly advised counsel that Frontier would consent to the presentation by counsel of his client's claim within the New York Supreme Court ordered Interim Procedure."

The Order Mr. Conolly refers to is attached as an exhibit to his affidavit.  The Order in question is dated May 10, 2004.  Alternatives just learned of this notice on June 24, 2008 (*see* Treptow Affidavit filed herewith).  It was only <u>after</u> Alternatives filed the instant motion that Mr. Conolly sent notification to Alternatives of the procedure that is in place to supposedly address its claims.

PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE AND OPPOSITION TO MOTION
TO LIFT STAY
Page 3 of 7

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*

Case No. 3:01-cv-294-JKS

The question naturally arises as to why Mr. Conolly waited over four years to advise

Alternatives and this Court of the New York Supreme Court's May 10, 2004 Order. Frontier

sought the protection of this Court in 2001 and the Court signed the Order staying the litigation

on January 8, 2002. The Court further ordered that Frontier was to report on the status of the

rehabilitation every six months. If the procedure referenced in the Conolly affidavit really

offered Alternatives a meaningful way of resolving its claim against Frontier, why did it take the

administrator for Frontier four years, and a motion to lift the stay, to provide this information to

Frontier and the Court? Alternatives can only conclude that this procedure is not a substantive or

a viable alternative to litigation. Otherwise, Alternatives and the Court would have heard of it

long before this.

### C.    Frontier Has Had at Least $800 Million Available During Rehabilitation

Mr. Conolly points out that Frontier has "paid claims in excess of $500 million" during

rehabilitation. (Conolly Affidavit at ¶ 5.) In its motion, Alternatives pointed out that Frontier

had entered into a reinsurance agreement with National Indemnity Insurance Co. in 1999 that

provided Frontier with in excess of $800 million of reinsurance. Apparently, Frontier has now

gone through over half of that money. Clearly, financial resources are available to Frontier to

pay Alternatives' claims.

Despite having paid over $500 million in claims, Frontier does not indicate to this Court

what is either the number of claims left to be resolved or the possible dollar value of those

claims. Frontier has now been in rehabilitation almost seven years. One would assume that

Frontier has not written any new insurance since it went into rehabilitation. That being the case,

the reinsurance funds are being eroded while this litigation is being stayed.

D.      **Apparently the End of Rehabilitation is Not in Sight**

Undoubtedly the most troubling aspect of Mr. Conolly's affidavit is the statement that

"no one can make a prediction as to the ultimate outcome of the rehabilitation case …."

(Conolly Affidavit at ¶ 5.)  As Alternatives pointed out in its moving papers,

> The goal of rehabilitation is to continue rehabilitation is to continue the
> relationship between the insurer and the insured by protecting the insured's
> interest during financially impaired times of the insurer … A rehabilitation
> proceeding modifies and monitors the operation of an insurer with the interests of
> policyholders.  The insurer and rehabilitation continues to keep policies in force,
> pay claims, remove policies, accept premiums and, in short do everything that
> insurance companies do.

*Eden Financial Group, Inc. v. Fidelity Bankers Life Ins. Co.*, 778 F. Supp. 278, 282 (E.D. Va.

1991).

> The Court, in *Spencer v. Frontier Insurance*, pointed out:

> This court has in interest in the fair and efficient administration of justice for
> litigants residing within this district.  The plaintiff has waited almost three years
> for his day in court and under the procedures in place in the New York
> rehabilitation action there is no end in sight.  At oral argument, defendant was
> unable to provide the court with even an estimated time frame in which
> rehabilitation of Frontier may occur.

(Treptow Affidavit filed June 18, 2008, Exhibit A at p.3.)  The Court's Order in *Spencer* was

dated November 10, 2005 – almost three years ago.  There has been no change in Frontier's

rehabilitation status and there does not appear to be "any light at the end of the tunnel."  These

factors mitigate strongly in favor of granting this motion.

III.    **FRONTIER HAS FAILED TO OPPOSE THE INSTANT MOTION**

Apparently it is Frontier's position that Plaintiff's Motion to Lift Stay should be denied

and that the Court's January 8, 2002 Order should remain in effect.  That being the case,

LR 7.1(a)(1) and (2) require Frontier to file "a concise statement of the decision sought by the …

opposing party" and "a brief statement of points and authorities relevant to the relief requested."

Frontier has failed to meet the requirements of LR 7.1(a)(1) and (2).

The failure to include proper materials in opposition to a motion as required by the rules

subjects the motion to summary ruling by the Court.  *See* LR 7.1(d).  The Court is thus in a

position to rule on Alternatives' motion.

Alternatives has advanced several well-reasoned arguments, based on sound legal

precedent, as to why the New York Supreme Court's injunction should not be enforced by this

Court.  Accordingly, Alternatives' motion should be granted.

## IV.    CONCLUSION

Alternatives has conclusively established that:  (1) Alaska law does not permit either an

unlimited rehabilitation period or an injunction in perpetuity; (2) Alternatives has been unfairly

prejudiced in that Frontier's assets are being dissipated with no end to rehabilitation in sight;

(3) no legal justification exists for the stay remaining in effect – (a) New York law does not

apply and Alaska law requires an insurer to move forward out of rehabilitation; (b) the New

York injunction is not entitled to Full Faith and Credit or comity; and (c) there is no reason to

abstain from hearing this case on the merits.

Based upon the foregoing, Alternatives respectfully requests the Court to lift the stay it

imposed on January 8, 2002.

PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE AND OPPOSITION TO MOTION
TO LIFT STAY
Page 6 of 7

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*

Case No. 3:01-cv-294-JKS

DATED this 7th day of August, 2008, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Attorneys for Plaintiff


By:  /s/ John A. Treptow

John A. Treptow, ABA #7605059
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
Telephone:     (907) 276-4557
Facsimile:     (907) 276-4152
Email: treptow.john@dorsey.com


**CERTIFICATE OF SERVICE**

This certifies that on this 7th day of August, 2008, a true
and correct copy of the foregoing document was served
electronically on:

Randall J. Weddle
Holmes Weddle & Barcott, P.C.
701 West 8th Avenue, Suite 700
Anchorage, Alaska 99501
rweddle@hwb-law.com


s/ John A. Treptow

PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE AND OPPOSITION TO MOTION
TO LIFT STAY
Page 7 of 7
4827-8030-6434\1\453702\00007

*Alternatives Community Mental Health
Center, Inc. v. Frontier Insurance Company*

Case No. 3:01-cv-294-JKS