UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALTERNATIVES COMMUNITY MENTAL HEALTH CENTER, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTIER INSURANCE COMPANY,<br><br>Defendant. | No. 3:01-cv-00294-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 41] |

I.  MOTION PRESENTED

At Docket No. 41 Plaintiff Alternatives Community Mental Health Center, Inc., ("Alternatives") has moved for an order lifting the stay entered herein on January 8, 2002 (Docket Nos. 9 and 11).  Defendant Frontier Insurance Company ("Frontier") opposed the motion at Docket No. 47, to which Alternatives replied at Docket No. 51.  The Court having considered the moving and opposing papers has determined that oral argument would not assist the Court in making a decision on the motion, and no party has requested oral argument.  The matter is submitted on the moving and opposing papers without oral argument.  D.Ak. L.R. 7.2(a).

II.  BACKGROUND

Subsequent to the time the complaint was filed in this matter in the Alaska Superior Court and its removal to this Court, upon the application of the Superintendent of Insurance for the State of New York, the Supreme Court of New York, County of New York, entered an Order of Rehabilitation as to Frontier.[1]  As relevant to the motion pending before this Court, that order contained two provisions.

---

[1] Docket No. 6.

      7.      All persons are enjoined and restrained from commencing or prosecuting any actions, lawsuits, or proceedings against Frontier, or the Superintendent as Rehabilitator;

      8.      All persons are enjoined and restrained from obtaining preferences, judgments, attachments or other liens or making any levy against Frontier's assets or any part thereof.

Upon the stipulation of the parties, on January 8, 2002, this Court entered its order staying further proceedings until further notice of this Court.[2/] Since the entry of the stay order the parties have periodically filed status reports indicating that the New York rehabilitation proceedings were still on going. On June 10, 2008, the parties' joint status report indicated that the New York rehabilitation proceedings were still ongoing; however, it was also noted that Alternatives intended to file the motion to lift the stay now pending.

### III. ISSUES PRESENTED

The motion before this Court presents three issues: (1) Is the order of the New York Supreme Court self-executing in that it, standing alone, binds Alternatives or, if not, (2) must this Court give that order full faith and credit, and, if not, (3) should this Court, in the exercise of its discretion, lift the stay?[3/]

### IV. DISCUSSION

A. <u>Effect of New York Injunction</u>.

It is an old and well-established rule that state courts may not enjoin *in personam* actions in federal courts, whether the injunction is addressed to the parties or to the courts. *Donovan v. City of Dallas*, 377 U.S. 408, 412–13 (1964); *see also Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 236 n.9 (1998) ("This Court has held it impermissible for a state court to enjoin a party from proceeding in a federal court," citing *Donovan*). Consequently, the order of the New York Supreme Court is not self-executing.

---

[2/] Docket No. 9; Minutes at Docket No. 11.

[3/] The opposition, the affidavit of the receiver, does nothing more than set forth the status of the New York receivership proceedings. The opposition does not address the legal arguments raised in the motion. Thus, the Court may, but need not, consider the motion as being well-taken. D.Ak. L.R. 7.1(d).

B.  Full Faith and Credit.

The resolution of this issue is dependent upon whether the New York Supreme Court had *in personam* jurisdiction over Alternatives.  In determining whether the New York Court had *in personam* jurisdiction, the Court looks to New York's long-arm statute.  When interpreting state law, this Court is bound by the decisions of the state's highest court.  In the absence of a decision by the highest state court, this Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."  *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001); *Paulman v. Gateway Ventures Partners III L.P.* (*In re Filtercorp, Inc*.), 163 F.3d 570, 578 (9th Cir. 1998).

Under New York law, in order to assert personal jurisdiction over an out-of-state defendant, it must be shown that the defendant or an agent of the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" or "commits a tortious act within the state" or "commits a tortious act without the state causing injury to person or property within the state" or "owns, uses or possesses any real property within the state."  N.Y.C.P.L.R. § 302(a).  New York's long-arm statute is a "single act statute" that effectively permits personal jurisdiction over a defendant who never entered New York, if "there is a substantial relationship between the act and the claim asserted."  *Kreutter v. McFadden Oil Corp*., 522 N.E.2d 40, 43 (N.Y. 1988).  Ultimately, personal jurisdiction over an out-of-state defendant will comport with due process requirements where the defendant "avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there."  *Deutsche Bank Sec., Inc. v. Montana Bd. of Investments,* 850 N.E.2d 1140, 1143  (N.Y. 2006).  To be amenable to suit in New York, Alternatives must have been engaged in such a continuous and presence of doing business there that a finding of presence is warranted.  *Landoil Res. Corp. v. Alexander & Alexander Servs. Inc.*, 565 N.E.2d 488, 490 (N.Y. 1990).  That is, that Alternatives's presence in New York was not occasional or casual, but with a fair measure of permanence and continuity.  *Id*.

The record before the Court shows (1) Alternatives has never appeared in the New York action and (2) the sole connection that Alternatives had with New York was as an insured under

an insurance policy issued by a New York domiciliary. This is patently insufficient to establish a basis for exercising *in personam* jurisdiction over Alternatives under New York's long-arm statute. Consequently, the New York Supreme Court lacked personal jurisdiction over in Reliance's rehabilitation proceedings. Lacking personal jurisdiction over Alternatives, the order of the New York Supreme Court is not entitled to full faith and credit insofar as it affects Alternative's lawsuit against Frontier. *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 850 (9th Cir. 2005), *as amended*, 433 F.3d 1089 (9th Cir. 2006). Nor, for that matter, is the order entitled to comity. *Id.*, at 852.

    C. <u>Lifting of the Stay</u>.

First, since the stay in this action was entered upon the stipulation of the parties, there is no prior ruling by the Court that establishes the law of the case. In the context of this case, a stay is the functional equivalent of abstaining from resolving the issues; consequently the Court, in determining the propriety of continuing the stay order will apply the principles of abstention.

This case, an action brought on an insurance policy, was removed from the state court by Frontier under this Court's diversity jurisdiction. Generally, a federal court exercising its diversity jurisdiction applies the law of the forum state, *Conestoga Servs. Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 974 (9th Cir.2002), including its choice of law rules. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). Alaska "look[s] to the Restatement (Second) of Conflict of Laws for guidance in resolving choice-of-law- issues." *Savage Arms, Inc. v. Western Auto Supply Co.*, 18 P.3d 49, 53 (Alaska 2001); *Palmer G. Lewis Co. v. ARCO Chemical Co.*, 904 P.2d 1221, 1227 (Alaska 1995). In contract actions where there is no choice of law provision in the contract, Alaska looks to Restatement § 188. *Palmer G. Lewis*. Under Restatement § 188, the Court looks to the place of contracting, negotiating, performance and the domicile of the parties. In this case, the place of contracting was Alaska, the policy was to be performed in Alaska in that the risk insured against was in Alaska, any indemnification under the terms of the policy would occur in Alaska, and the insured, Alternatives, is domiciled in Alaska. Only the domicile of Frontier was outside the state. An Alaska court would apply Alaska law in this case, as it has in numerous others. *See, e.g., Brannon v. Continental Cas. Co.*, 137 P.3d 280

(Alaska 2006); *O'Connor v. Star Ins. Co.,* 83 P.3d 1 (Alaska 2003); *Holderness v. State Farm Fire and Cas. Co.*, 24 P.3d 1235 (Alaska 2001).

Thus, this case involves a factual situation similar to those in *Hawthorne* and *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401 (9th Cir. 1991).  In those cases, as this case, a lawsuit was brought in state A, which would apply its substantive law, against an insurer undergoing state receivership proceedings in its domiciliary state, state B.  In *Tucker*, the district court abstained and stayed further action in the district court; the Ninth Circuit reversed, holding that abstention was improper.  942 F.2d at 1404–08.  In *Hawthorne*, the district court declined to abstain and proceeded to judgment; the Ninth Circuit affirmed.  421 F.3d at 859.  This Court is of the opinion that *Hawthorne* and *Tucker*, which are binding on this Court, are so factually and legally similar that they control and, thus, compel this Court to grant the motion to lift the stay, at least in part to permit Alternatives to proceed to judgment.  *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

Alternatively, the Court also notes that imposing a stay in this case is discretionary.  It appears that although more than six and one-half years have lapsed since the stay was initially imposed, nothing has occurred in the New York rehabilitation proceedings with respect to resolving the controversy between Frontier and Alternatives.  More troubling, however, is the fact that a special procedure was established in the New York proceedings in May 2004, and now, four years later, Frontier has finally seen fit to inform the Court and (apparently) Alternatives as well, of the existence of that procedure.  The stay will be lifted and dissolved to permit Alternatives to litigate its claim and reduce it to judgment.

D.  Execution.

The rule prohibiting state courts from enjoining parties from proceeding in federal court in *in personam* actions does not apply to situations where the state court has *in rem* or *quasi in rem* jurisdiction.  In such cases, the state or federal court has exclusive jurisdiction over the property in its custody.  *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 465–68 (1939).  Thus, "where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." *Donovan*

*v. City of Dallas, supra*, quoting *Princess Lida*, 305 U.S. at 466 (internal quotation marks omitted). Under New York law, the Superintendent of Insurance, as rehabilitator, has constructive possession of all property and interests in property. *See* N.Y. Ins. Law § 7403(a).[4/] Thus, it appears that the New York Supreme Court has *in rem* jurisdiction over the property and interests in property. Consequently, while this Court has *in personam* jurisdiction to determine the liability of Frontier to Alternatives and may enter a judgment having *res judicata* effect as to that liability, it cannot issue execution on the judgment. It appears the appropriate procedure for execution of the judgment is for Alternatives to make demand on the Superintendent to satisfy the judgment in the New York rehabilitation proceedings in which the New York Supreme Court must give full faith and credit to the judgment of this Court. *See In re Rehabilitation of Frontier Ins. Co.*, 813 N.Y.S.2d 50 (N.Y.A.D.), *lv. denied*, 857 N.E.2d 1136 (N.Y. 2006).

## V.  CONCLUSION AND ORDER

Plaintiff Alternatives Community Mental Health Center, Inc., is entitled to proceed to judgment in this Court, but execution on any judgment that may be rendered against Frontier herein may not issue without further order of the Court.

IT IS ORDERED THAT the Motion to Lift Stay at Docket No. 41 is GRANTED, in part, and DENIED in part.

IT IS FURTHER ORDERED THAT the stay entered herein on January 8, 2002, is hereby DISSOLVED and TERMINATED.

IT IS FURTHER ORDERED THAT no writ of execution may be issued on any judgment hereinafter entered as against Frontier Insurance Company without further order of the Court.

IT IS FURTHER ORDERED THAT nothing in this Order may be construed as prohibiting or otherwise interfering with the rights and powers of the parties to resolve the controversy within the framework of the New York rehabilitation proceedings.

---

[4/] The Court notes that, unlike a liquidation proceeding, rehabilitation does not vest title to property in the Superintendent by operation of law. *Compare* N.Y. Ins. Law § 7405(b).

  IT IS FURTHER ORDERED THAT, the parties must forthwith meet and confer as required by Federal Rule of Civil Procedure 26(f) and, within 30 days of the service of this order, file the conference report in accordance with D.Ak. L.R. 16.1(b).

  Dated: August 22, 2008.

                     s/ James K. Singleton, Jr.
                     JAMES K. SINGLETON, JR.
                     United States District Judge